IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


DANIEL RAY HERNANDEZ-LIZARRAGA                                    PLAINTIFF

v.                              Civil No. 2:23-CV-02062-PKH-MEF

GREGORY NAPIER
(Drug Enforcement Agent),
DETECTIVE MCLEOD
(Fort Smith Police Department),
DEPUTY PROSECUTOR ROBERT
McCLURE (Sebastian County),
PROSECUTING ATTORNEY CHARLES
DANIEL SHUE (Sebastian County)                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.      BACKGROUND

Plaintiff filed his Complaint on May 10, 2023.  (ECF No. 1).  Due to deficiencies in his Complaint, the Court entered an Order directing him to file an Amended Complaint.  (ECF No. 6). Plaintiff did so on June 15, 2023.  (ECF No. 7).

In his Amended Complaint, Plaintiff alleges his constitutional rights were violated in August of 2019.  (ECF No. 1 at 4).  Plaintiff alleges Defendants Napier and Mcleod gave a false statement to a newspaper claiming that he "admitted to a murder" in state case CR-2019-600.  (*Id.*).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

He alleges he was taken into custody for 16 months and Napier and Mcleod fabricated witness statements.  (*Id.*).  Plaintiff states one of the witnesses has said his statement was fabricated.  (*Id.* at 5).  Plaintiff alleges Defendants Shue and McClure were willing to convict based on statements that were coerced, falsified, and uncredible.  (*Id.*).  Plaintiff states he was then forced to negotiate a *nolo contendere* plea.  (*Id.* at 4, 9).

Plaintiff proceeds against Defendants in their official and individual capacities.  (*Id.* at 5). For his official capacity claim, he alleges he was subjected to cruel and unusual punishment, violation of persons, false imprisonment, defamation, and was falsely accused to be a person of interest.  (*Id.*).  Plaintiff seeks compensatory, punitive, and other damages.  Plaintiff does not describe the equitable relief sought.  (*Id.* at 9).

Review of Plaintiff's state court records indicate he pleaded *nolo contendere* to a charge for manslaughter on October 5, 2022, in *State v. Daniel Ray Hernandez*, 66FCR-19-600.[2]  He pleaded guilty to a revocation in the same case on May 30, 2023.

## II.        LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief

---

[2] Available at Arkansas Court Connect (last accessed July 20, 2023).

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

Plaintiff's claims are barred by the applicable statute of limitations. Section 1983 does not contain its own statute of limitation, but instead, causes of action brought under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-66 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations codified at Ark. Code Ann. § 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Plaintiff alleges his rights were violated in August 2019, but he did not file this case until May 10, 2023, more than three years past the last day of August 2019. As such, his claims under § 1983 are time-barred.

Additionally, his claims are barred by prosecutorial immunity and the *Heck* doctrine, respectively. Plaintiff has identified Defendants McClure and Shue as Sebastian County prosecutors. They are immune from suits. A prosecutor is absolutely immune from suits for any

conduct undertaken in his or her role as an advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428.  This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (internal quotation omitted)).

Plaintiff's claims against Defendants Napier and Mcleod are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff has not alleged that his state criminal conviction in *State v. Daniel Ray Hernandez*, 66FCR-19-600 has been reversed, expunged, declared invalid, or called into question by a federal *habeas* case.  Nor does the fact that he pleaded *nolo contendere* to one of the charges in the case render the *Heck* doctrine inapplicable.  "*Heck* is premised on a previous conviction, not the plea from which it may have resulted." *Nattress v. Lancaster County, Neb.*, Case No. 4:14-CV-3161, 2015 WL 4249493, at *5 (D. Neb. July 13, 2015) (collecting cases from the first, third,

4

fifth, eighth, ninth and eleventh circuits); *see also Oglesby v. Lesan*, 929 F.3d 526, 535 (8th Cir. 2019) ("a plea of no contest in a matter forecloses a subsequent § 1983 claim . . ..").

Based on Plaintiff's allegations, it appears that he is attempting to use the civil rights statute as a substitute for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). 28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges in federal court to the validity of his conviction or sentence or to the execution of his sentence. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003).

## IV.      CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE